IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division



| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No.: 3:11CR49–HEH–2 |
| ) | Civil Action No.: 3:13CV92–HEH |
| LARRY ANTONIO BURLEIGH, ) | |
| ) | |
|     Petitioner. ) | |

## MEMORANDUM OPINION
(Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence)

Petitioner Larry Antonio Burleigh ("Burleigh"), a federal inmate proceeding *pro se*, entered a plea of guilty in this Court on March 22, 2011, to carjacking in violation of 18 U.S.C. § 2119 (Count Three); possession of a firearm in furtherance of a crime of violence (carjacking) in violation of 18 U.S.C. § 924(c) (Count Four); and possession of a firearm in furtherance of a crime of violence (robbery) in violation of 18 U.S.C. § 924(c) (Count Six). Burleigh pleaded guilty pursuant to a plea agreement in which the government agreed to dismiss the remaining counts of the thirteen-count indictment.

On June 21, 2011, Burleigh was sentenced to 545 months of imprisonment, consisting of 125 months on the carjacking charge and 120 months and 300 months on the two firearms charges, to be served consecutively, followed by five years of supervised release. The Court also ordered Burleigh to pay restitution in the amount of five hundred dollars. Burleigh filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit ("Forth Circuit"). On February 23, 2012 the Fourth Circuit dismissed Burleigh's appeal because he had waived his right of appeal in his plea

agreement. *United States v. Burleigh*, 467 F. App'x 163 (4th Cir. 2012). Burleigh is currently serving his sentence at the Federal Correctional Institution Florence, in Florence, Colorado.

The case is presently before the Court on Burleigh's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). Burleigh filed his initial § 2255 Motion on February 13, 2013 (ECF No. 76), and an addendum thereto on August 26, 2013 (ECF No. 80). The United States filed a memorandum in opposition to the § 2255 Motion on March 7, 2014.

This Court's analysis begins with recognition of the well-settled principle that unless a claim alleges a lack of jurisdiction or constitutional error, the scope of collateral review is limited. *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976). As Chief Justice Rehnquist noted in *Brecht v. Abrahamson*, "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness. . . . Accordingly, it hardly bears repeating that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." 507 U.S. 619, 633–34 (1993) (internal quotation marks and citations omitted). Accordingly, errors of law do not typically provide a basis for habeas relief under 28 U.S.C. § 2255 unless it constitutes "a fundamental defect which inherently results in a complete miscarriage of justice . . . ." *United States v. Timmreck*, 441 U.S. 780, 783 (1979).

In his initial § 2255 Motion, Burleigh makes three claims. He contends that (1) his convictions for both carjacking and possession of a firearm in furtherance of a

2

carjacking violate the double jeopardy clause of the Fifth Amendment; (2) his conviction for the possession of a firearm in furtherance of a robbery should be dismissed because it was based on a predicate offense for which he was not convicted; and (3) ineffective assistance of counsel resulted in Burleigh making an unknowing and involuntary plea. In his addendum, Burleigh claims that the government failed to allege sufficient facts to support the minimum mandatory sentences for his two firearms convictions (Counts Four and Six) under the holding of *Alleyne v. United States*, __U.S.__, 133 S. Ct. 2151 (2013).

Burleigh's first claim, that his convictions for carjacking and possession of a firearm in furtherance of a carjacking constitute double jeopardy, fails because "each crime charged contains an element that the other does not." *United States v. Terry*, 86 F.3d 353, 356 (4th Cir. 1996). It is well-established that "a single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." *Blockburger v. United States*, 284 U.S. 299, 304 (1932); *see also Untied States v. Shavers*, 820 F.2d 1375 (4th Cir. 1987). Carjacking in violation of 18 U.S.C. § 2119, requires the taking of a motor vehicle, which is not an element of possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). Conversely, possession of a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c), requires the possession a firearm, which is not an element of carjacking under 18 U.S.C. § 2119. Therefore, because each crime contains an element that the other does not, Burleigh's convictions do not implicate the Double Jeopardy Clause of the Fifth Amendment.

3

Burleigh's second argument is equally unavailing. He contends that because he was not convicted of the predicate offense of robbery, it should preclude a conviction for the associated crime of possession of a firearm in furtherance of that offense. This flawed argument, however, flows from his misunderstanding of the law. "A defendant's conviction under § 924(c)(1) does not depend on his being convicted-either previously or contemporaneously of the predicate offense, as long as all of the elements of that offense are proved and found beyond a reasonable doubt." *United States v. Crump*, 120 F.3d 462, 466 (4th Cir. 1997). In fact, a defendant need not even be charged with the predicate offense to be convicted under § 924(c). *United States v. Hopkins*, 310 F.3d 145, 153 (4th Cir. 2002). In this case, the government agreed to dismiss multiple charges, including the robbery charge (Count Five), in exchange for Burleigh's guilty plea to Counts Three, Four, and Six. In his signed statement of facts, Burleigh admitted that he committed the underlying robberies. (Statement of Facts ¶¶ 5–6, ECF No. 33.) Because "it is only the fact of the offense, and not a conviction, that is needed to establish the required predicate," Burleigh's conviction of possession of a firearm in furtherance of a robbery was proper. *United States v. Carter*, 300 F.3d 415, 424 (4th Cir. 2002) (quoting *United States v. Munoz–Fabela*, 896 F.2d 908, 911 (5th Cir.1990)).

Burleigh's third claim is that ineffective assistance of counsel resulted in him entering an "unknowing and involuntary plea." (§ 2255 Mot. at 7.) To prevail on a petition alleging ineffective assistance of counsel under 28 U.S.C. § 2255, a petitioner must first show that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687

4

(1984). Unfortunately for Burleigh, his own sworn statements during the Rule 11 colloquy "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Although he now contends that his plea was entered unknowingly and involuntarily, Burleigh's § 2255 motion provides no facts to substantiate this claim. Therefore, "[a]bsent clear and convincing evidence to the contrary, [Burleigh] is bound by the representations he made during the plea colloquy." 261 F.3d 377, 396 (4th Cir. 2001); *see also United States v. Lemaster*, 403 F.3d 216, 220–23 (4th Cir. 2005). The record at hand yields no reason to part from this time-honored rule, particularly absent even scant corroboration of Petitioner's allegation of an unknowing and involuntary plea.[1] Reviewing courts have no obligation to entertain allegations which are conclusory or palpably incredible in nature. *Machibroda v. United States*, 368 U.S. 487, 495 (1962).

In the addendum to his § 2255 Motion, Burleigh makes one additional claim. Misconstruing the law, Burleigh contends that the government failed to allege sufficient facts to support the mandatory minimum terms of imprisonment for his two § 924(c) convictions. Burleigh's faulty reasoning flows from a misreading of *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151 (2013). Under *Alleyne*, facts that increase the mandatory minimum sentence are an "essential ingredient of the offense" which must be

---

[1] The original transcript of the plea hearing incorrectly reflects Burleigh's answers to two (2) questions, erroneously indicating that he did not understand the plea agreement and that he had been promised something in exchange for his plea. (Sentencing Tr. at 9, ECF No. 65.) The court reporter subsequently reviewed the audio recording of the proceeding and confirmed that Burleigh's answers on lines eleven (11) and fourteen (14) of page nine (9) of the transcript were inconsistent with the contemporaneous recording. A corrected transcript was prepared and filed with the Court. (Am. Sentencing Tr., ECF No. 83.)

included in the indictment and found by a jury beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2161–63 (2013). Absent aggravating circumstances, section 924(c) convictions generally carry a mandatory minimum sentence of five (5) years imprisonment. 18 U.S.C. § 924(c)(1)(A)(i). However, in this case, because Burleigh was convicted of using a "short-barreled shotgun," his first § 924(c) conviction was subject to a mandatory minimum sentence of ten (10) years. 18 U.S.C. § 924(c)(1)(B)(i). Additionally, because Burleigh was convicted of two § 924(c) charges, the second conviction required a minimum sentence of twenty-five (25) years imprisonment. 18 U.S.C. § 924(c)(1)(C)(i).

Burleigh contends that the facts required to increase his sentence—the length of the shotgun and existence of a subsequent offense—were not included in the indictment and were not proved beyond a reasonable doubt. These arguments, however, cannot be reconciled with the record in this case. Burleigh's indictment explicitly specified that the firearm used for both of these counts was a "short-barreled shotgun." (Indictment at 3–4, ECF 21.) This language put Burleigh on notice that higher mandatory minimum sentences would apply. Burleigh then pleaded guilty to Counts Four and Six. Had he not pleaded guilty, the type of firearm used during the alleged crime is precisely the type of fact that must be found by a jury beyond a reasonable doubt. *See Alleyne*, 133 S. Ct. at 2160 (holding that whether the defendant brandished the firearm was a fact that had to be found by the jury).

Burleigh signed a Statement of Facts stipulating that the firearm he possessed was a short-barreled shotgun as defined in 18 U.S.C. § 921(a)(6). (Statement of Facts ¶ 13.) Furthermore, at his plea hearing, Burleigh acknowledged he understood that Count Four

6

carried a mandatory minimum sentence of ten (10) years imprisonment and Count Six carried a mandatory minimum sentence of twenty-five (25) years imprisonment (Sentencing Tr. at 14–15). Therefore, *Alleyne* has no application to the facts at hand. Assuming, *arguendo*, that *Alleyne* has retroactive application to the judgment in Burleigh's case, the claim has no merit and will be dismissed.[2]

Based on the foregoing analysis, Burleigh's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 will be denied.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Burleigh has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

---

[2] Even if the rule announced in *Alleyne* applied to Burleigh's case, it is doubtful that it would be retroactive. Rules governing the sentencing process are ordinarily considered to be procedural, as opposed to substantive, and therefore, have no application to cases which become final before the new rules are announced. *See United States v. Mathur*, 685 F.3d 396, 399 (4th Cir.2012); *see also Teague v. Lane*, 489 U.S. 288, 310 (1989). Moreover, none of the recognized exceptions to this limitation on retroactivity apply in the immediate case. *Saffle v. Parks*, 494 U.S. 484, 494–95 (1990); *Penry v. Lynaugh*, 492 U.S. 302, 329–30 (1989).

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: March 27, 2015
Richmond, Virginia

8