# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Action No. 3:11CR49–HEH |
| ) | |
| LARRY ANTONIO BURLEIGH, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION
### (Denying Motion for Reconsideration)

Larry Antonio Burleigh, a federal inmate proceeding *pro se*, filed this 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF Nos. 113, 116) arguing that his firearm convictions and sentences are invalid under *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1] By Memorandum Opinion and Order entered on April 15, 2019, the Court concluded that Burleigh's claim lacked merit and denied the § 2255 Motion. (ECF Nos. 124, 125.) Burleigh has filed a Motion for Reconsideration under Federal Rule of Civil Procedure 59(e).

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406,

---

[1] Burleigh filed his original 28 U.S.C. § 2255 Motion on June 27, 2016. (ECF No. 113.) On July 21, 2016, Burleigh filed an Amended 28 U.S.C. § 2255 Motion. (ECF No. 116.) For ease of reference, the Court refers to these motions collectively as Burleigh's § 2255 Motion.

1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Although Burleigh fails to identify on what ground he seeks relief, he apparently argues that Rule 59(e) relief should be granted to correct a clear error of law or to prevent manifest injustice. Burleigh, however, fails to demonstrate that the Court committed any error of law or that it is necessary to correct the prior decision in order to prevent manifest injustice. *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (noting that a "'Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1, at 127–28 (2d ed. 1995))). Accordingly, Burleigh's Motion for Reconsideration (ECF No. 127) will be denied. A certificate of appealability will be denied.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
Date: Oct. 16, 2019
SENIOR UNITED STATES DISTRICT JUDGE
Richmond, Virginia

2